IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00125-MR

| | |
|---|---|
| TRISTEENA HASSAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANDREW SAUL, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the Plaintiff's "Motion for Relief from Judgement Pursuant to Fed. R. Civ. P. 60(b)(6)" [Doc. 6].

On September 25, 2019, the Plaintiff filed her Complaint and a Motion to proceed without having to prepay the costs associated with prosecuting the matter. [Docs. 1, 2]. On September 27, 2019, the Court denied the Plaintiff's Motion to proceed *in forma pauperis* and gave the Plaintiff thirty (30) days, until October 28, 2019, to pay the required filing fee for this action. [Doc. 3]. In the Order, the Court warned the Plaintiff that failure to pay the required filing fee within thirty (30) days of the entry of the Order denying the application would result in the dismissal of this action. [Id.].

The Plaintiff failed to pay the filing fee as required. Accordingly, on November 8, 2019, the Court dismissed this action without prejudice. [Doc. 4]. A Judgment was entered. [Doc. 5].

On that same day, the Plaintiff filed the present motion pursuant to Rule 60(b)(6) seeking relief from the Judgment. [Doc. 6]. For grounds, counsel states that the Plaintiff made the payment of $400.00 to counsel's office on October 23, 2019 that was posted by the credit card company to counsel's account on October 25, 2019. Counsel then mailed a check for payment of the filing fee to the Charlotte Clerk's office via USPS Express Mail on Friday, October 25, 2019. [Docs. 6-1, 6-2]. Counsel states that the USPS attempted delivery of this Express Mail package on October 26, 2019. [Doc. 6-3]. Because October 26th was a Saturday, however, the Charlotte Courthouse was closed, and therefore the package was not delivered.

While counsel states that the package has been available for pick up from the USPS since October 26, 2019 [see Doc. 6-3], the Clerk of Court has advised the undersigned that there was nothing left with the Clerk's Office advising of any missed delivery. Thus, the Clerk's Office could not have been aware that any package was available for pick up. Furthermore, the Clerk is not in possession of any documentation by which such package

could be retrieved. Significantly, counsel failed to follow-up to make sure that the package was received and that the filing fee was paid by the deadline.

While the Plaintiff seeks relief from the Judgment under Rule 60 of the Federal Rules of Civil Procedure, this matter is more appropriately analyzed under Rule 59(e), which governs motions to alter or amend a judgment filed within 28 days of the entry thereof. The Court may grant a motion under Rule 59(e) of the Federal Rules of Civil Procedure in the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).

Here, the Court finds that manifest injustice would result if the Plaintiff were denied an opportunity to cure the defect in the delivery of the filing fee by counsel. Further, the Court notes that on November 15, 2019, the Plaintiff transmitted the required filing fee to the Clerk. For these reasons, the Court will grant the Plaintiff's motion and reopen this case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 6] is **GRANTED**, and this matter is **RE-OPENED.**

**IT IS SO ORDERED.**

Signed: November 18, 2019

Martin Reidinger
United States District Judge