# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00125-MR-WCM

| | |
|---|---|
| TRISTEENA HASSSAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| KILOLO KIJAKAZI,[1] Acting ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act [Doc. 20].

## I.  PROCEDURAL HISTORY

The Plaintiff initiated this action on September 25, 2019, seeking review of the denial of her claim for benefits by the Commissioner under the Social Security Act. [Doc. 1]. The Plaintiff's Complaint was filed by George C. Piemonte, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

The Commissioner filed an Answer to the Plaintiff's Complaint on

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

February 6, 2020. [Doc. 11]. Thereafter, the parties filed their respective Motions for Summary Judgment and memoranda in support thereof. [Docs. 13, 14, 15, 16].

On January 22, 2021, the Court entered an Order granting the Plaintiff's Motion for Summary Judgment and denying the Defendant's Motion for Summary Judgment and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 18]. On April 14, 2021, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 20]. Specifically, the Plaintiff seeks an award in the amount of $9,378.27, representing 45.30 hours of total work performed by her attorneys George Piemonte and Perrie Naides[2] at the average rate of $206.00 per hour,[3] as well as an award of costs in the amount of $400.00. [See Docs. 20, 21-2]. On April 28, 2021, the Commissioner filed a Memorandum in Opposition to the Plaintiff's request for attorney's fees. [Doc. 23]. On May 5, 2021, the Plaintiff filed a Reply to the Commissioner's

---

[2] The memoranda submitted in support of the Plaintiff's Motion for Summary Judgment and billing entries submitted in support of the Plaintiff's Motion for Fees indicate that attorney Perrie H. Naides also performed work on the Plaintiff's case. [See Docs. 14 at 28, 17 at 6, 21-2].

[3] The Plaintiff's counsel calculates hourly rates based on an inflationary increase table. [See Doc. 21-2 at 3]. The Plaintiff's counsel's hourly rate for the Plaintiff's legal work fluctuated from $205.84 per hour to $207.67 per hour during the pendency of the Plaintiff's case. [Id.] Accounting for this range, the Court will use $206.00 as the Plaintiff's counsel's average hourly rate for the purpose of this Memorandum of Decision and Order.

2

Memorandum in Opposition. [Doc. 24].

Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified or that special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

While conceding that the Plaintiff is a prevailing party in this action and is therefore entitled to a fee award, the Commissioner argues that the number of hours claimed by the Plaintiff is excessive.[4] [Doc. 23]. Accordingly, the Commissioner argues that the Plaintiff's requested fee award should be substantially reduced. [Id.].

---

[4] The Commissioner does not object to the hourly rates billed by the Plaintiff's counsel. [Doc. 23 at 1-2 n.1].

## A. Hourly Rate

Regarding an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir.1992).

The Plaintiff requests an hourly rate of $205.84 to $207.67 for services performed by her attorneys from September 2019 through June 2020. [Doc. 21-2 at 3]. The Plaintiff arrived at this rate by calculating the cost-of-living increase, as reflected by the Consumer Price Index ("CPI") for all urban consumers in the United States (hereinafter "CPI-Urban"), between March 1996, the EAJA's most recent reenactment, and the dates of the services performed in the Plaintiff's case—September 2019 through June 2020. [Docs. 21-2, 21-3]. The Plaintiff then applies that percentage increase to the statutorily set rate of $125.00 per hour. [See id.]. The Commissioner does not challenge the Plaintiff's hourly rate computation. [Doc. 23 at 1-2 n.1].

4

Therefore, the Court finds that the cost-of-living increase since the EAJA was last amended in 1996 warrants an adjustment of the statutory hourly rate and that the CPI-Urban is an appropriate measure by which to calculate that adjustment. See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir. 1992) (noting "that section 2412(d)(2)(A) requires the use of a broad cost-of-living index"); Peek v. Astrue, No. 1:09CV301, 2010 WL 5211499, at *2 (W.D.N.C. Dec. 15, 2010) (noting that CPI-Urban is "[c]ustomarily" accepted as an appropriate measure to calculate an adjustment of the statutory rate).

Accordingly, the Court will apply the annual aggregated CPI-Urban for 2019–2020 to calculate the cost-of-living adjustment. The adjusted hourly rate for the Plaintiff's legal work fluctuated from $205.84 per hour to $207.67 per hour during the time the Plaintiff's attorneys worked on her case. [See Doc. 21-2, 21-3]. To account for this range, the Court will award the Plaintiff fees based on an average hourly rate of $206.00 for work performed by her counsel for 2019 and 2020.

### B. Number of Hours Charged

Under the EAJA, an award of attorney's fees must be "'reasonable,'" both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting

5

28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating that the number of hours charged is reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court has discretion to determine what constitutes a reasonable fee award. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citation omitted).

The Plaintiff's attorneys claim a total of 45.30 hours of work performed in this case. [Docs. 20, 21-2]. Attorney Naides claims 40.25 hours[5] for reviewing the file and drafting the summary judgment brief and the reply brief, while Attorney Piemonte claims 5.05 hours for reviewing the Plaintiff's claim to determine if it had merit, preparing the Complaint, reviewing the Answer, and finalizing revisions to the summary judgment brief and the reply brief. [Doc. 21-2 at 1-2 (entries of 9/25/19 and 2/6/20; entries from 3/17/20 through 4/3/20; and entries from 6/9/20 through 6/11/20)].

The Commissioner argues that the time spent preparing the briefs is excessive. [Doc. 23]. Specifically, the Commissioner argues that the Plaintiff's attorneys engaged in block billing, which makes it more difficult to assess the reasonableness of each entry [Id. at 4-5]; that the issues presented in the Plaintiff's case were neither novel enough nor complex

---

[5] Attorney Piemonte's billing entries reflect the use of a 0.1-hour increment for keeping time. [See Doc. 21-2]. However, it appears that Attorney Naides used a .25 increment for keeping time. [See id.]. The Plaintiff offers no explanation for the discrepancy.

6

enough to justify the hours allegedly expended by the Plaintiff's counsel [Id. at 5-8]; that the administrative record was "not unusually lengthy and was less than the customary range of Social Security cases" [Id. at 8]; that the experience and skill of the Plaintiff's attorneys should have resulted in a more efficient handling of the Plaintiff's case [Id. at 9-10]; and that the Plaintiff's total number of hours "significantly exceeds the typical range of compensated hours in Social Security cases." [Id. at 10-11].

The Plaintiff, on the other hand, argues that the time her counsel spent on the Plaintiff's case was reasonable. [Doc. 24]. The Plaintiff denies engaging in block billing [Id. at 2-3], contests the Commissioner's classification of the issues in the Plaintiff's case as "neither novel nor complex" by pointing to the fact-intensive nature of conducting a Residual Functioning Capacity (RFC) analysis, as was required in the Plaintiff's case [Id. at 3-5], and denies that the time spent preparing the summary judgment brief and the reply brief was excessive in light of the experience of the attorneys, length of the administrative record, and general range of hours compensated for Social Security cases in this circuit. [Id. at 5-12].

Upon careful review of counsel's time sheets and affidavits, the Court finds that many of the hours claimed by the Plaintiff's attorneys in litigating this matter are duplicative and excessive, and, therefore, unreasonable. See

7

Hensley, 461 U.S. at 433-34. Accordingly, the Court will reduce the Plaintiff's hours as explained below.

First, the Complaint filed on behalf of the Plaintiff is a mere three pages of text—broken up into double-spaced, numbered paragraphs—with a fourth page solely for part of one signature block. [See Doc. 1]. Furthermore, the Complaint is largely "'*pro forma*'" in nature with only a few words personalized to the Plaintiff. See Gibby v. Astrue, No. 2:09cv29, 2012 WL 3155624, at *2 (W.D.N.C. Aug. 2, 2012) (quoting Louis v. Astrue, No. 1:10-cv-00656-SMS, 2012 WL 92884, at *5 (E.D. Cal. Jan. 11, 2012)).

Attorney Piemonte, however, claims 1.0 hours for "[p]repar[ing] the [C]omplaint and supporting documents for" the Court. [Doc. 21-2 at 1 (entry of 9/25/19)]. It is unclear which "supporting documents" Attorney Piemonte is referring to, but the Court infers that Attorney Piemonte is referring to the Plaintiff's Motion to Proceed *In Forma Pauperis*, which was filed on the same day as the Complaint. [Doc. 2]. Because that Motion was handwritten and drafted in the first-person present tense—e.g., "I live on limited income from Prudential Disability"—the Court infers that it was completed by the Plaintiff herself and will not credit Attorney Piemonte for time spent completing that Motion. [Id. at 6]. As a result, the Court finds that the 1.0 hours Attorney Piemonte claims for preparing the Complaint is excessive and duplicative

considering Attorney Piemonte's experience in Social Security cases and the 2.0 hours already claimed for "review[ing] the case for merit" and "draft[ing] [the] file memo." [Doc. 21-2 at 1 (entries of 9/25/19)]. Accordingly, the Court will deduct 0.5 hours from the time claimed by Attorney Piemonte.

Second, Attorney Piemonte also claims a total of 2.0 hours for reviewing Attorney Naides' drafts of the summary judgment brief and the reply brief. [Id. at 1-2 (entries of 4/3/20 and 6/11/20)]. This time spent by Attorney Piemonte is in addition to the 3.5 hours that Attorney Naides already claims for reviewing, revising, and editing the summary judgment brief and reply brief. [Id. at 1-2 (entries of 4/3/20 and 6/10/20)].[6] The Court finds the time Attorney Piemonte spent reviewing the work of his co-counsel both redundant and excessive. See Hensley, 461 U.S. at 434 (explaining that counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); Trim v. Astrue, No. 2:09cv30, 2012

---

[6] Attorney Naides' June 10, 2020 entry included time spent "[d]raft[ing] legal arguments" in addition to "revis[ing] and edit[ing]" the reply brief. [Doc. 21-2 at 2 (entry of 6/10/20)]. This entry is a classic example of block billing. See McAfee v. Boczar, 738 F.3d 81, 90 (4th Cir. 2013) (citation omitted) (identifying block billing as "lumping tasks together in time entries rather than making such entries task-by-task"). Block billing makes it more difficult for the Court to evaluate the reasonableness of the requested time compensation. Johnson v. Saul, No. 5:18-cv-00152-FDW, 2020 WL 6065308, at *2 (W.D.N.C. Oct. 14, 2020). Because Attorney Naides failed to separate time spent drafting the reply brief from time spent reviewing and editing the brief, the Court will find Attorney Piemonte's 1.0-hour time entry on June 11, 2020—for revising and editing the reply brief—as entirely duplicative of Attorney Naides' 2.25-hour time entry on June 10, 2020. See Gibby, 2012 WL 3155624, at *6 (deducting time where an attorney failed to separate "the time spent reviewing the record from the time spent in writing" (citation omitted)).

WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012) (deducting the time two attorneys spent reviewing summary judgment briefs drafted by another attorney). Accordingly, the Court will further deduct 2.0 hours from the time claimed by Attorney Piemonte.

Third, the time Attorney Naides claims for completing the summary judgment brief is excessive considering her significant legal experience. According to her affidavit, Attorney Naides has over thirty years of legal experience including two judicial clerkships and work as a Professor of Legal Analysis and Writing. [See Doc. 21-5 at 1]. Attorney Naides, however, claims 31.5 hours for completing the summary judgment brief. [Doc. 21-2 at 1 (entries from 3/17/20 through 4/3/20)]. While drafting a summary judgment brief takes time to complete, even for experienced attorneys, the hours Attorney Naides claims for the summary judgment brief are excessive and must be reduced.

As an initial matter, Attorney Naides' time entries are fraught with block billing and duplicative entries. [See id.]. Nearly all of Attorney Naides' entries for the summary judgment brief consist entirely of different configurations of the words "draft arguments," "legal research," and "review file." [See id.]. These entries are not only duplicative and excessive, but also block billed, which makes it more difficult for the Court to accurately determine the time

spent on each task. See McAfee v. Boczar, 738 F.3d 81, 90 (4th Cir. 2013) (citation omitted) (identifying block billing as "lumping tasks together in time entries rather than making such entries task-by-task"); Johnson v. Saul, No. 5:18-cv-00152-FDW, 2020 WL 6065308, at *2 (W.D.N.C. Oct. 14, 2020).

Accordingly, the Court will reduce Attorney Naides' compensable time by 6.5 hours—for a total of 25.0 hours for the summary judgment brief—in light of her legal experience and the nature of the task. See Gibby, 2012 WL 3155624, at *6 ("[A]n attorney experienced in this field should have been able to review the administrative record and produce a brief in a case such as this one within twenty-five hours." (citation omitted)); Trim, 2012 WL 1340671, at *3 (deducting 6.5 hours from time spent on a summary judgment brief based on Attorney Naides' experience).

Fourth, the time Attorney Naides spent completing the reply brief is excessive considering her significant legal experience and the time already spent completing the summary judgment brief. The reply brief is a mere five pages of text with a sixth page dedicated to signature blocks and a seventh page referencing the same "Exhibit List" included in the summary judgment brief. [See Doc. 17]. Attorney Naides, however, claims 8.75 hours for completing the reply brief. [Doc. 21-2 at 2 (entries of 6/9/20 and 6/10/20)]. While the Plaintiff's attorneys had to spend time reviewing the

Commissioner's summary judgment brief and developing the Plaintiff's arguments in response, the time Attorney Naides claims for completing the reply brief remains excessive. Accordingly, the Court further reduces Attorney Naides' time by 3.75 hours for a total of 5.0 compensable hours for the reply brief.

Therefore, the Court finds that Attorney Piemonte reasonably spent 2.05 hours on the Plaintiff's case and Attorney Naides reasonably spent 30.0 hours on the Plaintiff's case for a total of 32.05 compensable hours. This figure is within the standard range of compensable hours for Social Security cases in this circuit. See Johnson, 2020 WL 6065308, at *2 (collecting cases).

## III. CONCLUSION

After consideration of the deductions outlined above, the Court will award the Plaintiff $6,602.30 in attorney's fees. The Court reached this amount by multiplying the reasonable hours expended by the Plaintiff's counsel—32.05 hours—by the reasonable average rate for those hours—$206.00 per hour. The $6,602.30 award is sufficient to compensate the Plaintiff's attorneys for time reasonably spent on the Plaintiff's case without creating a "'windfall'" for the Plaintiff's counsel. Hyatt, 315 F.3d at 254 (citation omitted).

The Plaintiff requests that the EAJA award be paid directly to the Plaintiff's counsel as the Plaintiff's assignee. [Doc. 20 at 1]. In support of this request, the Plaintiff has submitted a fee agreement executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA fee award in favor of counsel. [Doc. 21-1 at 1]. The Commissioner should accept the Plaintiff's assignment of the awarded fees to the Plaintiff's counsel, and—upon receiving the assignment—the Commissioner shall pay the award of fees directly to the Plaintiff's counsel, provided that the Plaintiff does not owe any debts to the federal government, which are "subject to offset." Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion [Doc. 20] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees in the amount of Six Thousand Six Hundred and Two Dollars and Thirty Cents ($6,602.30), which sum is in full satisfaction of all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the

Commissioner shall inform the Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset. And, before any funds are disbursed to the Plaintiff's counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3) **IT IS FURTHER ORDERED** that Four Hundred Dollars ($400.00) in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury;

(4) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(5) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: August 27, 2021

Martin Reidinger
Chief United States District Judge

14

Case 5:19-cv-00125-MR   Document 25   Filed 08/27/21   Page 14 of 14